**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARLIN, | No. C 10-03156 SI |
|     Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| VINCE CULLEN, Warden, | |
|     Respondent. | |

James Carlin, an inmate at the San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is respondent Vince Cullen's motion to dismiss the petition for failure to exhaust. Petitioner has obtained the assistance of an attorney for the purpose of contesting respondent's motion. For the following reasons, the Court DISMISSES the petition, and DENIES respondent's motion as moot.

**BACKGROUND**

Carlin states in his petition that he is serving a sentence of 15 years to life plus two years on a 1980 conviction in San Francisco County Superior Court for second degree murder with an enhancement for use of a firearm. His petition does not challenge that conviction but instead challenges an August 14, 2008 decision by Governor Schwarzenegger that reversed a decision by the Board of Parole Hearings ("BPH") and found him not suitable for parole.

On July 29, 2010, the Court dismissed three of petitioner's five claims. Petitioner's two remaining clams are: (1) the Governor's decision violated his federal right to due process because it was not supported by sufficient evidence; and (2) the Governor's policy and practice of rarely granting

parole to lifesentenced prisoners violates the legislative framework under Penal Code § 3041 and violates due process.

## DISCUSSION

### I.  Sufficient evidence claim

In his petition, Carlin states that he was given the opportunity to speak at the BPH hearing, and that the Governor notified him as to the reasons that he was denied parole. Carlin does not claim that he was not permitted to contest the evidence against him or that he was not afforded access to his records in advance. Carlin's sole argument is that there was not sufficient evidence to support the Governor's decision. This argument is foreclosed by *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam) and *Styre v. Adams*, --- F.3d ----, 2011 WL 2176465, *1 (9th Cir. 2011). Petitioner's claim is DISMISSED.

### II. Rare parole policy claim

Petitioner describes his second claim as follows:

> The extraordinarily high parole denial rate [in California] combined with the high gubernatorial reversal rate of the few grants made by the Board . . . turns upside down the legislative mandate that the Board shall normally set a parole date for a prisoner and makes a mockery of the legislative scheme for predictable and uniform punishment for most life prisoners. . . . Independent of but consistent with the executive's arbitrary disregard for the legislative mandate for regular parole and its bias against the granting of parole is the arbitrariness of its individual decisions. The executive regularly makes arbitrary findings to justify its refusal to release life prisoners on parole and systematically fails to consider substantial evidence in individual cases that shows the prisoner is suitable for release from prison . . . . Such arbitrary disregard of the state's own laws regarding life and liberty constitutes a violation of federal due process. . . . Carlin's case illustrates the parole authority's illegal practice of arbitrarily disregarding the statutory framework for parole consideration by making the legislative exception the administrative rule in violation of due process. It also indicates the authority's rare-parole policy is a product of an institutional political bias that unlawfully deprived life prisoners of a fundamentally fair determination of their liberty interest in parole in violation of due process.

Petition (Doc. 1) at 33–41.

Essentially, petitioner claims that the BPH and Governor deny parole so often, and without sufficient evidence, that their actions constitute an arbitrary disregard of California state law regarding

parole.  This argument would require the Court to look beyond the question of whether petitioner received constitutionally adequate procedures, and it too is foreclosed by *Cooke* and *Styre*.  *See Cooke*, 131 S. Ct. at 863 ("Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly. . . . [T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.").  Petitioner's claim is DISMISSED.

## CONCLUSION

Because Carlin's remaining claims are foreclosed by *Cooke* and *Styre*, his petition for a writ of habeas corpus is DISMISSED.  The Court DENIES respondent's motion to dismiss the petition for failure to exhaust one of his claims as moot.  (Doc. 4.)

**IT IS SO ORDERED.**

Dated: June 23, 2011

SUSAN ILLSTON
United States District Judge

3